GEORGE A. RENNER *against* EDWIN J. REED.

ERROR *to Hempstead Circuit Court.*

Any irregularity, defect, or informality, in the terms, form, or structure of the writ, or in the mode of issuing it, is ground of abatement.

By the modern practice, a right to oyer entitles the party to a copy, that he may, if necessary, spread it upon record, to enable him to make his defence.

By the practice in this State, the writ is a matter of record, of which either party can procure a copy; and the defendant is no more bound to crave oyer of the writ, than the plaintiff is to make profert of it.

The writ is a record; and of records profert is not necessary.

In every original writ, the nature of the plaintiff's complaint must be set out.

Final judgment should not be given for the plaintiff, on demurrer sustained to a plea in abatement. The proper judgment is *respondeat ouster.*

This was a suit brought by E. J. Reed against the plaintiff in error, by petition and summons, to the April Term of the Hempstead Circuit Court, A. D. 1840. The command in the summons, to the Sheriff, was in the following words and figures, to wit: " You are hereby commanded to summon George A. Renner, if he be found within your bailiwick, to appear before the Judge of the Circuit Court of Hempstead county, at the Court-house in the town of Washington, in the county aforesaid, on the first day of our next April Term, then and there *to answer the complaint* of Edwin J. Reed; and that you make due return to our said Court. In testimony whereof," &c. The defendant pleaded, in abatement, that the summons did not charge him in any form of action whatever, when, in truth and in fact, the petition being founded on a writing obligatory, the summons should have notified him to answer in such form of action as could be rightfully maintained on such instrument, to wit, in debt. To this plea the plaintiff demurred, without setting out any special cause of demurrer. The Court gave judgment on the demurrer: " That the matters and things set forth in said plea of the defendant, were not sufficient in law to bar the said plaintiff from having and maintaining his action against the defendant; and the defendant saying nothing further in bar," &c.; with final judgment against the defendant.

TRIMBLE, for plaintiff in error:

The objection to the summons in this case is, that the defendant is summoned to answer the complaint of Edwin J. Reed; but it does not

state the nature of the complaint,,whether debt, assumpsit, or covenant. See *Jeffrey vs. Underwood*, 1 *Ark. R.*, 119. If the cause of the action be set forth so imperfectly in the summons, that the defendant could not have sufficient notice of the plaintiff's cause of action, the writ might be abated by plea: *Story's Pleadings*, 23 and 24. If the writ, when served, contained no declaration, and no cause of action in it, this is sufficient cause of abatement: *ib.* 24. It was not necessary to swear to said plea in abatement, because the defence set up was apparent on the face of the summons—a part of the record. But if the plaintiff could have objected to the plea, for want of an affidavit verifying the truth of the matter contained in the plea, it was an objection to the filing of the plea, or by motion to strike it out: having demurred, the demur admits the truth of the matter set out in the plea, and rests alone on the insufficiency, in law, of those matters to abate the summons; an issue of law was made up for the decision of the Court. The judgment of the Court on the issue, is erroneous. The issue was in abatement; while the judgment is in bar. The judgment ought to have been: That the matters and things in the plea of the said defendant, by him above pleaded, are (or are not) sufficient in law to abate the writ, &c. If they were not, then the Court ought to have awarded a judgment of *respondeat ouster.* 3 *Wend.*, 169. If the defendant plead in abatement, and the plaintiff demurs, if the judgment is for the plaintiff, it will be, that the defendant answer over: *Story's Pleadings*, 31. The judgment of the Court on the issue of law made by the demurrer, is not a response to that issue; and the same issue of law yet remains undecided; and, until that issue is disposed of, the Court could render no final judgment against the defendant below. It was moreover alleged by the defendant below, that the matters and things in his said plea set forth, were sufficient in law to bar or preclude the plaintiff below. It is not now pretended that they are sufficient to bar said plaintiff, yet they might be fully sufficient to abate the writ of said plaintiff, and which the counsel for the plaintiff insists they are. The final judgment is by *nil dicit*. The defendant below could say nothing further, until the Court disposed of the issue of law, and thereby afforded the said defendant an opportunity to speak further, and answer to the merits of the suit, should the Court determine

the matter of his plea was not sufficient to abate the writ of the plaintiff below.

This summons issued upon a petition filed under our statute; (See Revised Statutes of Arkansas, 152); and the petition does not go out with the summons, and the summons does not disclose the cause on which the petition is founded, that it does not disclose any cause of action. *Story's Pleadings*, 24.

The sheriff is commanded to summon the defendant below, to answer the complaint of the plaintiff. This does not disclose the cause of suit, and was calculated to mislead the defendant.

For the above reasons, the judgment of the Court below ought to be reversed.

ROYSTON, TRAPNALL, and COCKE, *Contra:*

It was formerly necessary to demand oyer of the writ, before any advantage could be taken of its defects by plea in abatement. *Tidd*, 529; *Chitty Pl.*, 465, 485. This practice continued until it was altered by a rule in the Court of the Common Pleas, in the case of *Ford vs. Burnham*, C. B. T. 11 and 12, Geo. 2, Barnes, 340, 4to edit.; and in the Court of King's Bench, in the case of *Boats vs. Edwards*, 1 *Doug.*, 227, where Lord Mansfield said, "He desired the bar to take notice, that the practice for defendants to crave oyer of the original, which is so much used for delay, is not warranted by any rule or principle of justice. That it is incumbent on the Court to make their proceedings as little dilatory, oppressive, and expensive, as possible. That it is unnecessary for the defendant to see the original, after he has been informed of the cause of action by the declaration. That the Court of Common Pleas has rejected the practice; and that from hence the plaintiffs in this Court may proceed as if such demand had not been made." The effect of this rule is, that the refusal of oyer of the writ prevents an objection to it; but as the declaration is presumed to agree with the writ, any mistake carried out into it, may be the subject of a plea in abatement to the writ or bill.

Matter *apparent on the face of the writ*, such as an omission of the defendant's addition, and other *defects which do not appear in the declaration*, are no longer subjects of abatement. But matter dehors,

such as misnomer, non-joinder, &c., which are existing defects at the time of suing out the writ, are." 1 *Saund. P. & E.*, 3; *Chitty's Pl.*, 485; 1 *Saund. Rep.*, 319, note 3; *Gray et al. vs. Sidney*, 3 B. & P., 398. The objection to the writ in this case, is founded upon a defect, (if there be a defect at all,) *apparent on the face of the writ, and not carried into the declaration.* If, therefore, the modern English practice is to prevail in this country, no advantage can be taken of the alleged defect by a plea in abatement, and the Court will treat that plea as a nullity. But, inasmuch as this rule of Court was adopted at a time long subsequent to that when the common law of England and the practice of their courts were made, by statute, a part of *our system of jurisprudence*, we must look to the practice as it existed before this alteration by the Court, for the rule by which we are to be governed. The authority heretofore referred to shows that, by the ancient practice, there could be no plea in abatement of the writ, without first demanding oyer of the writ. And as the defendant had put in his plea in this case without demanding oyer of the writ, the plea must be adjudged bad, and will not be regarded with the writ.

We admit, as a general rule, that judgment for *plaintiff*, upon demurrer to a plea in abatement, is not final, but merely a *respondeat ouster.* But this must be understood as having reference only to those cases where the matter of the plea is not sufficient in law, but the plea itself is pleaded in apt time and proper manner; and cannot have relation to those cases where the plea is in fact no plea at all. If we are correct in the positions we have assumed, the plea in this case is a mere nullity, and the plaintiff might have taken judgment for want of a plea. And although there may be a technical impropriety in the manner of rendering the judgment, yet, as the final result would have been the same, the Court will not disturb the judgment for a mere matter of form. Errors may often be committed in the inferior Courts, yet, if they are such as do not prejudice the rights or interests of either party, the Appellate Court will not, for these *immaterial* errors, reverse the case, and subject the parties to the expense and inconvenience of another trial, merely to observe technical forms, and at last to arrive at the same result by a different process.

DICKINSON, J., delivered the opinion of the court:

The plea in abatement was properly put in; for, in general, any irregularity, defect, or informality, in the terms, form, or structure of the writ, or in the mode of issuing it, is a ground of abatement. *Com. Dig., Abatement, H.* 1, 6; *Lave's Pleadings*, 106; *Gould P.*, 287.

It is contended, however, that the demurrer to the plea was rightfully sustained, the defendant not having first craved *oyer* of the writ. Is this necessary? Craving oyer, according to the original signification of the law, is demanding to have it read. 3 *B. Com.*, 299. And it is discretionary with the Court to grant it or not, as the party applying may or may not be entitled to it. But in the modern practice, a right to oyer entitles the party to a copy, that he may, if necessary, spread it upon record, to enable him to make his defence. For the law presumes him, if he is entitled to it, to be unable, without it, to put in a proper plea. In the case before us, the writ itself is a matter of record, of which either party can procure a copy, and the reason of the rule authorizing oyer craving, the rule itself necessarily ceases to exist. The defendant is no more bound to crave oyer of the writ, than the plaintiff is to make profert of it. Of record (and that the writ is a record, there can be no doubt,) profert is not necessary. *Co. Litt.*, 225; *Tidd*, 529; *Bull, N. P.*, 252; 8 *Wheaton*, 691. For records are public property, deposited and kept for public use, in public offices, for that purpose, and therefore not subject to the control of individuals. If such be the reason why profert is not necessary, the same reason is equally applicable to the demand of oyer. This suit was instituted by petition and summons. The 7th sec. Rev. St., p. 620, declares that the original writ shall charge the officer to summon the defendant to be and appear in Court, on the return of such writ, to answer the complaint of the plaintiff. Under the mode of proceeding, as prescribed by statutory provision, the declaration or petition is filed with the clerk of the court, and does not accompany the writ. It is obvious that, in requirin the party defendant to answer the complaint of the plaintiff, it is presumed that the nature of that complaint is set forth in the writ; otherwise, it would be too general to meet the object of the law, in requiring a notice to be given to the defendant, by which he might be

enabled to prepare his defence. There is no cause of action set forth, and the party is left wholly in ignorance of the nature of the plaintiff's complaint. The writ is evidently defective, and the plea properly put in. It follows, therefore, that the Court below erred in sustaining the demurrer. The judgment, upon its face, is erroneous, because a final judgment appears to have been given for the plaintiff below on the demurrer to the plea in abatement, when, by law, if the plea was bad, the judgment ought to have been interlocutory, viz: a *respondeat ouster*—that the defendant answer over, under which judgment he may plead any plea, la baquent (in the order of pleading) to that which has been overruled. The judgment is reversed.