## NEELEY vs. ROBINSON, AD.

In an action by petition in debt, the writ commanded the sheriff to summon the de-fendant to answer the plaintiff of a " plea of debt in the detinet by petition and summons wherein judgment is demanded for the debt, and damages for the deten tion thereof," etc.; the defendant moved to quash the writ, because no amount was named therein to give the Court cognizance of the demand:  *Held*, that the Court did not err in refusing to quash the writ.

*Appeal from the Circuit Court of Jackson county.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

FOWLER & STILLWELL, for the appellant.

JORDAN for the appellee.

It is not necessary to specify the amount sued on in the original writ, and especially in a suit by petition in debt. *Ellis vs. Cossitt et al.* 14 *Ark*. 222; 6 *Eng*. 289, 332.

Mr. Chief Justice ENGLISH, delivered the opinion of the Court.

This was an action of debt, by petition and summons, brought

by John Robinson, as administrator of Margaret J. Waddell, deceased, in the Jackson Circuit Court, against Beaufort H. Neeley and James Robinson.

The petition was as follows:

" *To the Circuit Court of Jackson County,*
        *of the December term thereof, A. D.* 1856.

Your petitioner, John Robinson, administrator of the estate of Margaret J. Waddell deceased, states that he, as such administrator, is the legal holder of a bond against the defendants, Beaufort H. Neeley and James Robinson, and executed to the said Margaret J. Waddell in her life time, to the following effect: ' Twelve months after date, we or either of us promise to pay Margaret J. Waddell, or order, one hundred and sixty dollars, for value received, to draw ten per cent. interest from date until paid, May 8th, '53.'

[*Signed by the defendants, and others whose names are copied.*]

Yet the defendants detain said debt, and the same remains unpaid.    Therefore judgment is demanded for said debt, and damages for the detention thereof, together with costs."

A summons was issued to the sheriff of Jackson county against Robinson, and to the sheriff of Independence county against Neeley.

The latter commanded the sheriff to summon Neeley to appear before the Judge, etc., at etc., on etc., " then and there, together with James Robinson, to answer unto John Robinson as the administrator of the estate of Margaret J. Waddell, of a plea of debt in the detinet by petition and summons, wherein judgment is demanded for the debt, and damages for the detention thereof, together with costs," etc.

Neeley filed a motion to quash the branch writ served upon him, because no amount was named therein to give the Court cognizance of the demand.    The motion was overruled, and he excepted, and declined to answer further.

Robinson demurred to the petition, which was overruled, and he rested.

Final judgment was rendered against both of the defendants,

and Neeley appealed to this Court.

The statute under which this suit was brought (*Digest ch.* 123,) prescribes the form of petition to be followed, but furnishes no precedent for the summons. The 6th *section* provides that " a writ of summons etc., may be sued out, executed and returned in the same manner, and with like effect as upon declarations in the ordinary form."

*Sec.* 8, *chap.* 126 *Dig. p.* 796, provides that: " The original writ, in all cases where it is not otherwise directed by law, shall be a summons, which shall charge the officer having charge of the execution thereof, to summon the defendant to be and appear in Court on the return of such writ, and at a place to be specified in such writ, to *answer the complaint of the plaintiff.*"

In *Renner vs. Reed* 3 *Ark.* 339, the writ followed the statute literally. The sheriff was commanded to summon the defendant to appear, etc., *to answer the complaint of* Reed, the plaintiff.

The defendant filed a plea in abatement of the writ, on the ground that it did not charge him in any form of action whatever. It was insisted that the nature of the complaint should be stated in the summons; that is, that it should be shown whether the action was *debt*, *assumpsit*, or *covenant*, *etc.* This Court held that the objection to the writ was well taken.

In the case now before us, the form of action, *debt in the detinet*, is sufficiently indicated in the writ, and it is shown that the plaintiff demanded judgment for his *debt* and *damages* for the detention thereof.

*Ellis vs. Cossitt et al.*, 14 *Ark.* 222, was debt by attachment. The declaration, in the commencement, demanded $1,450,32 debt. The affidavit claimed an indebtedness of $671 86. In the attachment clause of the writ, the sheriff was commanded to attach so much of the goods, etc., of the defendant as might be sufficient to secure the sum of $671 86, with interest and costs. In the *personam* clause of the writ, the sheriff was commanded to summon the defendant *to answer the plaintiffs in this suit in the premises, as set forth and sworn to.*

A plea in abatement of this writ was interposed, on the grounds that it did not indicate that the action was *debt*, nor set forth the amount of debt and damages demanded in the declaration.

This Court held the writ to be good, notwithstanding the decision in *Renner vs. Reed*, which it did not overrule, but indicated that it would have departed from the doctrine of that case if necessary to sustain the writ.

It is usual, in ordinary actions of debt, for the commencement of the declaration to state the amount of debt demanded by the plaintiff, and for the writ to follow the declaration in this respect. But in *Mitchell vs. Conley* 13 *Ark*. 416, the omission of the formal demand of the amount claimed in the beginning of the declaration, was held not to be a cause of demurrer, etc.

In that case this Court reviewed most of its previous decisions on the subject of defective writs, and decided that a writ not running in the name of the State, was not necessarily vo id but might be amended, in the sound discretion of the Court, even after the objection was taken by plea in abatement.

Under our practice the declaration, setting out the cause of action, is filed before the writ issues. It is deposited in the clerk's office, and is open to the inspection of the defendant.— So much particularity in the form of the writ has therefore not been required here, as in the States where the writ is issued first, and the declaration is not filed until the appearance term. *Ellis vs. Cossitt et al., ub. sup.*

In Mississippi the statute requires the amount demanded in the suit to be endorsed on the writ, but if this be omitted, the Court has the discretion to permit the plaintiff to amend the writ. *Foster vs. Collins et al.* 5 *S. & M.* 259.

We think, under the course of decisions of this Court, the Court below did not err in refusing to quash the writ for the objection taken in the motion.

The judgment is affirmed.

Absent, Mr. Justice HANLY.